IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNA CLAIRE MCBRIDE                                          PLAINTIFF

v.                                                   CIVIL ACTION NO. 3:23-CV-74-SA-RP

KRYSTAL GOFORTH A/K/A KRYSTAL GOFORTH TIDWELL,
ALEXUS TEDFORD GOFORTH, JORDAN BAILEY GOFORTH,
UNKNOWN HEIRS AT LAW OF DEBORAH K. GOFORTH,
UNITED STATES OF AMERICA; ALL PERSONS HAVING OR
CLAIMING AN INTEREST IN THE FOLLOW DESCRIBED
LAND, SOLD FOR TAXES ON AUGUST 26, 2019, VIS: LOT 57
(100 X 148) PARKVIEW S/D PARCEL # 3182M0002500-0005501
IN SEC 09 TWP09 RANGE 07 AND ANY AND ALL OTHER PERSONS
OR PARTIES HAVING OR CLAIMING EQUITABLE INTERESTS,
IN AND TO THE REAL PROPERTY                              DEFENDANTS

ORDER AND MEMORANDUM OPINION

On November 22, 2022, Anna Claire McBride filed her Complaint to Adjudicate the Heirs at Law of Deborah K. Goforth and to Confirm Title [2] against the above-named defendants in the Chancery Court of Panola County, Mississippi. The United States Department of Agriculture ("USDA") removed the action to this Court on March 20, 2023. *See* [1]. Before the Court is McBride's Motion for Default Judgment [18].

*Relevant Factual and Procedural Background*

McBride's Complaint [2] alleges that she is the owner in fee simple of a parcel of real property located in Panola County, described as follows:

> DESCRIPTION OF LAND: LOT 57 (100X148) PARKVIEW S/D, PB B-1/18-20, DB 16/473, PARCEL # 3182M0002500-0005501, PIN#012220011, S-09, TWP-09, RANGE-07
>
> ALSO DESCRIBED AS: Lot 57 of the Park View Subdivision of a part of Lot 2, Block 12 and adjoining land, in the City of Batesville, Panola County, Mississippi, as described on the map or plat of said Subdivision, recorded in Plat Book 1 at page 18, 19, and 20 in the office of the Chancery Clerk of Panola County, Mississippi in Batesville, Mississippi.

[2] at p. 3.

The Complaint [2] alleges that the real property was previously conveyed to Deborah K. Goforth by Deed dated December 9, 1985. Goforth also executed a Deed of Trust on the subject property unto Thomas Whitehead, as trustee, for the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture. The Deed and Deed of Trust were recorded in the land deed records of Panola County.

The Complaint [2] alleges that "Deborah K. Goforth died intestate on October 20, 2018. [She] was survived by a daughter, Krystal Goforth a/k/a Krystal Goforth Tidwell. [She] was predeceased by a son, Michael Wayne Goforth, who left surviving him two (2) children, namely: Alexus Tedford Goforth and Jordan Bailey Goforth." [2] at p. 4.

According to the Complaint [2], on August 26, 2019, the subject property was sold by the Panola County Tax Collector to McBride for unpaid ad valorum taxes for the year 2018. Notice of the maturing tax sale was sent by certified mail to the USDA and the Estate of Deborah K. Goforth. On December 3, 2021, the period of redemption having expired and the property having not been redeemed, the Panola County Chancery Clerk issued a Tax Deed to McBride.

The Complaint [2] seeks confirmation and quieting of tax title, adjudication of heirs, and "other general or specific relief as the Court deems just and proper." [2] at p. 8. Prior to removal, the Chancellor adjudicated the heirs of Deborah K. Goforth to be Krystal Goforth a/k/a Krystal Goforth Tidwell, Alexus Tedford Goforth ("Alexus"), and Jordan Bailey Goforth ("Jordan"). *See* [8], Ex. 24.

Tidwell was personally served with a Summons and copy of the Complaint [2] on December 28, 2022. *See* [8], Ex. 18. Alexus and Jordan were personally served with Summonses and copies of the Complaint [2] on January 3, 2023. *See* [8], Ex. 15, 17. At the time of service,

2

Alexus and Jordan were 20 years of age and 18 years of age, respectively.[1] Under Mississippi law, they were both unmarried minors at the time of service. *See* MISS. CODE ANN. § 1-3-27. Therefore, pursuant to Mississippi Rule of Civil Procedure 4(d)(2)(A), their natural mother, Ashley Rotenberry, was also personally served with a Summons and copy of the Complaint [2] on January 3, 2023. *See* [8], Ex. 21, 23.

The unknown heirs at law of Deborah K. Goforth and all persons having or claiming any legal or equitable interest in the subject property were provided notice of the Complaint [2] via publication in The Panolian newspaper on December 7, 14, and 21, 2022. *See* [8], Ex. 13.

Despite publication of notice and having been served with a summons and copy of the Complaint [2], neither Tidwell, Alexus, Jordan, nor any unknown heirs or persons claiming an interest in the property answered or otherwise responded to the Complaint [2]. On July 5, 2023, McBride filed a Motion for Clerk's Entry of Default [11]. The Clerk of Court subsequently entered a Clerk's Entry of Default as to Tidwell, Alexus, and Jordan on July 11, 2023 and as to any unnamed heirs or persons claiming an interest in the subject property on July 13, 2023. *See* [11-16].

The present Motion [18] requests that a default judgment be entered against Tidwell; Alexus; Jordan; the unknown heirs at law of Deborah K. Goforth; and all persons having or claiming any legal or equitable interest in the subject property, and that the title to the subject property be quieted and confirmed, subject only to the Deed of Trust in favor of the USDA.

*Analysis and Discussion*

"Pursuant to 'Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise

---

[1] According to the Affidavit of counsel submitted with the Motion for Entry of Default [11], Alexus has since turned 21 and is therefore no longer a minor. [11] at p. 2.

defend upon motion of the plaintiff.'" *Gaskill-Clayborn v. Mighty Oaks Child Development Cntr., LLC*, 2020 WL 8642296, at *1 (N.D. Miss. Nov. 23, 2020) (citing *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015)). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, entry of default; and third, entry of a default judgment." *Id*. (citing *Gray v. MYRM Holdings, L.L.C.*, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012)). The first two steps have been satisfied here. Therefore, the only question before the Court is whether a default judgment should be entered.

"To determine whether a default judgment should be entered, the Court conducts a three-question analysis: (1) 'whether the entry of default judgment is procedurally warranted;' (2) 'whether there is a sufficient basis in the pleadings for the judgment;' and (3) 'what form of relief, if any, the plaintiff should receive.'" *Id*. (citing *J & J Sports*, 126 F. Supp. 3d at 814). The Court will address each question in turn.

I.   *Procedural Justification*

"To determine whether a default judgment is procedurally warranted, a court should consider (1) 'whether material issues of fact are at issue;' (2) 'whether there has been substantial prejudice;' (3) 'whether the grounds for default are clearly established;' (4) 'whether the default was caused by a good faith mistake or excusable neglect;' (5) 'the harshness of a default judgment;' and (6) 'whether the court would think itself obliged to set aside the default on the defendant's motion.'" *American Fidelity Assurance Co. v. Archie*, 2023 WL 2776205, at *2 (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

Before turning to these factors, the Court additionally notes a procedural requirement of Rule 55. Pursuant to Rule 55(b)(2), "[a] default judgment may be entered against a minor or

4

incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Here, Jordan is currently a minor under Mississippi law. His mother, Ashley Rotenberry, has filed an Entry of Appearance, Joinder and Consent to Default Judgment [17], acknowledging service and consenting to the relief requested against Jordan. The Court finds that Rule 55's requirement is therefore satisfied.

Turning to factor one, where a party fails to answer or respond to the complaint, there are no material facts at issue. *EW Polymer Grp., LLC v. GSX Int'l Grp., Inc.*, 622 F. Supp. 3d 232, 237 (M.D. La. 2022) (citing *Lindsey*, 161 F.3d at 893). Second, a party's failure to respond may prejudice a plaintiff because it "threatens to bring the adversary process to a halt, effectively prejudicing [her] interests." *American Fidelity Assurance Co.*, 2023 WL 2776205 at *2 (citation omitted). Third, the grounds for default (default and entry of default) are clearly established. *See id*. Fourth, no evidence in the record indicates that the failure to answer or respond to the Complaint [2] was a result of a good faith mistake or excusable neglect. Fifth, "[the] failure to file a responsive pleading or otherwise defend the instant lawsuit mitigates the harshness of a default judgment." *EW Polymer Grp., LLC*, 622 F. Supp. 3d at 237 (citing *Lindsey*, 161 F.3d at 893). Rotenberry's consent to relief on behalf of Jordan additionally mitigates the harsh remedy of a default judgment. Sixth, the record contains no facts that would oblige the Court to set aside the default judgment if challenged. Therefore, all factors weigh in favor of entry of default judgment in favor of McBride. *See id*.

II.  *Sufficient Basis in the Pleadings*

Next, the Court must determine whether there is a sufficient basis in the pleadings for a default judgment. *Gaskill-Clayborn*, 2020 WL 8642296 at *1 (citing *J & J Sports Prods., Inc.*, 126 F. Supp. 3d at 814). "Even when a defendant is in default, a plaintiff is not 'entitled to a default

judgment as a matter of right.'" *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (citation omitted). "[T]he Court must assess the merits of Plaintiff's claims and determine whether Plaintiff has a claim for relief." *EW Polymer Grp., LLC*, 622 F. Supp. 3d at 237 (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "[T]he factual allegations in the complaint must 'be enough to raise a right to relief above the speculative level.'" *American Fidelity Assurance Co.*, 2023 WL 2776205 at *3 (citing *Wooten v. McDonald Transit Assoc., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015)). "In conducting this analysis, 'the district court takes as true the facts asserted by a plaintiff against a defaulting defendant' because '[t]he defendant, by his default, admits the plaintiff's wellpleaded [sic] allegations of fact." *Id*. (citing Escalante, 34 F.4th at 492).

Here, the Complaint [2] brings a claim to confirm and quiet title.[2] Pursuant to MISS. CODE ANN. § 11-17-1, "[a]ny person holding or claiming under a tax title to lands heretofore or hereafter sold for taxes, when the period of redemption has expired, may proceed by sworn complaint in the chancery court to have such title confirmed and quieted[.]" Before relief may be granted, notice of the tax sale must be provided to interested parties. Specifically, the chancery clerk must properly notify the property owner and any lienholders of their right to redeem the property within the two-year redemption period. *See generally HL&C Marion, LLC v. DIMA Homes, LLC*, 364 So.3d 616, 619 (Miss. 2022); MISS CODE ANN. §§ 27-43-5, 27-45-3. The Complaint [2] alleges that notice was properly provided to all interested parties and that the two-year redemption period has passed without redemption. Therefore, the Court finds that the Complaint [2] alleges sufficient facts to show that McBride is entitled to have her tax deed confirmed.

---

[2] The Complaint [2] also seeks adjudication of heirs and "other general or specific relief as the Court deems just and proper." [2] at p. 8. However, the Chancery Court entered an Order adjudicating heirs prior to the removal of the case to this Court. *See* [8], Ex. 24. As to the request for general relief, the Motion for Default Judgment [18] only requests confirmation and quieting of tax title. The Court sees no need to address the request further.

*III.     Relief*

Finally, the Court must determine the appropriate relief. A hearing or computation of damages is not necessary here, as McBride requests no damages. The Court finds that McBride's suit to confirm and quiet tax title is substantively meritorious, and she is therefore entitled to the relief requested. *See U.S. Bank Nat. Assoc. v. Garza*, 2019 WL 311872, at *4 (S.D. Tex. Jan. 24, 2019) (court granted default judgment where only relief sought was quieting of title).

*Conclusion*

For the reasons set forth above, McBride's Motion for Default Judgment [18] is GRANTED. Default judgment is entered against Krystal Goforth a/k/a Krystal Goforth Tidwell; Alexus Tedford Goforth; Jordan Bailey Goforth; the unknown heirs at law of Deborah K. Goforth; and any and all persons having or claiming any legal or equitable interest in the property described herein.

It is ORDERED that the title to the following described property is hereby quieted and confirmed in the name of the Plaintiff, Anna Claire McBride, and it is hereby adjudicated that Anna Claire McBride has good and sufficient fee simple title to the following described land, subject to the Deed of Trust of record in Deed of Trust Book 528 at page 233:

> DESCRIPTION OF LAND: LOT 57 (100x148) PARKVIEW S/D, PB B-1/18-20, DB I6/473, PARCEL# 3182M0002500-0005501, PIN#012220011, S-09, TWP-09, RANGE-07
>
> ALSO DESCRIBED AS: Lot 57 of the Park View Subdivision of a part of Lot 2, Block 12 and adjoining land, in the City of Batesville, Panola County, Mississippi, as described on the map or plat of said Subdivision, recorded in Plat Book 1 at page 18, 19, and 20 in the office of the Chancery Clerk of Panola County, Mississippi, in Batesville, Mississippi.

The Clerk of Court shall terminate Krystal Goforth a/k/a Krystal Goforth Tidwell; Alexus Tedford Goforth; Jordan Bailey Goforth; the unknown heirs at law of Deborah K. Goforth; and any and all persons having or claiming any legal or equitable interest in the described property as active Defendants on the docket in this case.

SO ORDERED, this the 29th day of November, 2023.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE